THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROQUE MÉNDEZ SANTIAGO, Defendant and Appellant.

No. 8905. Argued December 4, 1941.—Decided December 12, 1941.

*Juan Lastra* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The defendant and appellant was charged with keeping in his possession and control a revolver without having declared the same in writing to the Chief of Police of San Juan, which is the district where the defendant resides. Upon being convicted and sentenced to six months in jail, he took the present appeal. In support thereof he urges that the court erred in denying his motion for nonsuit; in weighing the evidence; and in holding that the *corpus delicti* had been proved, without having before it any evidence whatever "connecting the defendant with the criminal agency."

It appears from the evidence for the prosecution that on the night of March 16, 1941, policemen Astol Calero and Carlos F. Patterne, on being advised that a disturbance had occurred in defendant's home, went there and found the mother, the wife, a little daughter and a brother of the defendant, who was also there; that on seeing the policemen the defendant told them that he had had a heated argument with his wife on account of the sweetheart of his daughter, of whom he disapproved, and in the heat of passion he fired at him with a revolver which he carried; that as a result of the firing his wife was wounded on both thighs and his brother received a wound on his right hand; that defendant voluntarily stated to the policemen that upon getting home he found there his wife, his daughter, and the latter's sweet-

heart, for which reason an argument arose, and that he went to his store to fetch a revolver belonging to him and returned to the house and that the sweetheart fled through the window; that he lost his head and fired shots, wounding his wife and his brother who tried to intervene; that the defendant repeated those same statements at the police station; and, lastly, that in the records of the San Juan police force no revolver appears registered in the name of the defendant.

The evidence for the defense consisted only of the testimony of defendant's wife. The latter testified that she was wounded; that she was fired at with a revolver, but she can not say whether it was the defendant or somebody else, who fired, as she did not see anybody.

The evidence is, in our opinion, sufficient to support the judgment appealed from. All of the witnesses, including defendant's wife, agreed that several shots had been fired from a revolver there and that two persons received bullet wounds.

The lower court did not err in holding that all the elements of the *corpus delicti* had been established. The first element, the performance of a certain act or outcome thereof constituting the ground for a criminal prosecution, that is, the possession and unlawful use of a revolver by the defendant, was clearly established by the admissions and statements voluntarily made by defendant to the policemen, which were admissible against him, and which were corroborated by the testimony of both policemen who testified that on reaching defendant's home they found there two persons with bullet wounds, and by the testimony of defendant's wife. The second element, namely, the failure to register the revolver, was sufficiently shown by the testimony of the Chief of Police of San Juan.

The judgment appealed from must be affirmed.